UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILLIAM GORDON, DIN # 95-A-0033; ANDRE COMBS, DIN # 74-B-0737; ROBERT DIDONATO, DIN # 97-A-4213; DELANO BROWN, DIN # 81-A-4887, suing on behalf of themselves and all others similarly situated, | 08 Civ. 5673 (SAS) <br><br> (Electronically Filed) |
| *Plaintiffs*, | |
| -v- | |
| GEORGE ALEXANDER, Chairman of the New York State Division of Parole; and THE NEW YORK STATE DIVISION OF PAROLE, | |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**

                                          Andrew M. Cuomo
                                          Attorney General of the State of New York
                                          <u>Attorney for Defendants</u>
                                          120 Broadway - 24th Floor
                                          New York, New York  10271
                                          (212) 416-6557

Daniel A. Schulze
Frederick H. Wen
Assistant Attorneys General
       <u>Of Counsel</u>

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT I    PLAINTIFFS' DUE PROCESS CLAIMS HAVE NO MERIT . . . . . . . . . . . . . . 2

      A.   Plaintiffs Have No Liberty Interest in Obtaining Parole . . . . . . . . . . . . . . . . . . . 2

      B.   Assuming a Liberty Interest *Arguendo,* Plaintiffs Have No Constitutional
Right to Any Administrative Appeal Whatsoever . . . . . . . . . . . . . . . . . . . . . . . 3

      C.   Even Assuming Both a Liberty Interest and a Constitutional Right
to an Administrative Appeal *Arguendo,* Plaintiffs Still Have No
Constitutional Right to Have That Appeal Decided in Strict
Conformity with State Regulations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      D.   Even Assuming a Liberty Interest, *and* a Constitutional Right to an
Administrative Appeal, *and* a Constitutional Right to Have That Appeal
Decided in Strict Conformity with State Regulations *Arguendo,* the
Purported Regulatory Requirement on Which Plaintiffs Base Their
Claims Simply Does Not Exist . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT II   PLAINTIFFS' DENIAL OF ACCESS TO THE COURTS CLAIMS
HAVE NO MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.   Plaintiffs Were Not Denied Access to the Courts . . . . . . . . . . . . . . . . . . . . . . . 5

      B.   Failure To Instruct Inmates How to Best Litigate Their Claims is Not
Denial of Access . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      C.   In Any Event, Plaintiffs Were Not Injured . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT III  THE NEW YORK STATE DIVISION OF PAROLE IS NOT
A "PERSON" SUBJECT TO SUIT UNDER SECTION 1983 . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## PRELIMINARY STATEMENT

Defendants respectfully submit this memorandum of law in support of their motion for an order pursuant to FRCP 12(b)(1) and 12(b)(6) dismissing this case.

Plaintiffs claim that the alleged failure of the Appeals Unit of the New York State Division of Parole ("DOP") to render decisions on appeals from denials of parole within a purportedly mandatory 120 day period, and the unit's alleged failure to correctly consider statutory factors set forth in making its decisions, constitutes a violation of due process and a constitutionally prohibited denial of access to the courts. These allegations, however, do not state a claim.

Specifically, plaintiffs' due process claim fails because they have no reasonable expectation that parole will be granted, and, thus, have no liberty interest in obtaining parole. The Due Process Clause does not mandate provision of administrative appeals in any event. Further, the allegation that DOP is not following State statutes or regulations in adjudicating those appeals simply does not implicate the Constitution. In any event, the purported 120 day deadline on which the claims are based is an artificial construct of plaintiffs – it is not found in the regulations.

Plaintiffs' denial of access claim is similarly infirm. Most simply, they were never denied access to the courts. Plaintiffs affirmatively allege that DOP's purported delays in resolving appeals do <u>not</u> prevent them from seeking relief in an Article 78 proceeding in State court, and the regulations that they rely upon expressly state that an action <u>can</u> be commenced in court. Defendants are not constitutionally required to instruct plaintiffs how to best litigate their claims. And even assuming *arguendo* that there was some sort of denial of access, there is no showing that plaintiffs were injured as a result. Again, any of these defects, standing alone, mandates dismissal of the denial of access claim.

# ARGUMENT

## POINT I

### PLAINTIFFS' DUE PROCESS CLAIMS HAVE NO MERIT

**A.    Plaintiffs Have No Liberty Interest in Obtaining Parole**

Plaintiffs' due process claims fail *ab initio* because there is no liberty interest at stake. "The New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release. ... Accordingly, plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable." Barna v. Travis, 239 F.3d 169, 171 (2d Cir. 2001). Accord, e.g., Davis v. Dennison, 219 Fed. Appx. 68, 70 (2d Cir.), cert. denied, 128 S. Ct. 151 (2007)(same); Marvin v. Goord, 255 F.3d 40, 44 (2d. Cir. 2001)(same). "It is axiomatic that a prisoner does not have a constitutional right to parole." Mathie v. Dennison, 2007 U.S. Dist. LEXIS 60422 at *14 (S.D.N.Y. Aug 16, 2007).[1] Therefore,

---

[1] The sole authority to the contrary is Graziano v. Pataki, 2006 U.S. Dist. LEXIS 52556 (S.D.N.Y. July 16, 2007), but its attempt to distinguish the controlling Second Circuit authority has repeatedly been rejected as "unpersuasive" by the courts in the Second Circuit. See Farid v. Bouey, 554 F.Supp.2d 301, 307 (N.D.N.Y. 2008); Schwartz v. Dennison, 518 F. Supp. 2d 560, 574 (S.D.N.Y. 2007); Mathie v. Dennison, 2007 U.S. Dist. LEXIS 60422 at **20-21 (S.D.N.Y. Aug. 16, 2007); Cartagena v. Connelly, 2006 U.S. Dist. LEXIS 65279 at *26 (S.D.N.Y. Sept. 14, 2006), magistrate's report adopted, 2008 U.S. Dist. LEXIS 41073 (S.D.N.Y. May 23, 2008). See generally Wilmas v. Blunt, 2007 U.S. Dist. LEXIS 90717 at *6 (E.D. Mo. Dec. 10, 2007)("The Graziano opinion, however, is unpersuasive and is recognized as such by the other courts in its district").

Respectfully, Graziano has correctly been held to be unpersuasive. Its foundational frailty lies in the following unsupported assumption: "If there were proved to exist an unpublished official policy as alleged, imposed upon and implemented by the Board, which dictated the outcome of parole decisions for certain prisoners in contravention of the statutorily required process of determining an individualized outcome, Plaintiffs would have asserted a viable [due process] claim." Graziano, 2006 U.S. Dist. LEXIS 52556 at *24. This passage incorrectly conflates a State-mandated procedure with a State-created liberty interest; "state statutes do not create federally protected due process entitlements to specific state-mandated procedures." Holcomb v. Lykens, 337 F.3d 217, 224 (2d Cir. 2003). See Point I(C) herein.

In any event, even if the Court were to reject all the cases cited herein to follow Graziano, plaintiffs' due process claim would still fail on the grounds set forth in points I(B) and I(D).

2

"[t]he state Procedural requirements that [plaintiffs] allege[] have not been observed do not create interests entitled to due process protection," and, at most, "are matters for consideration by the state courts." Boothe v. Hammock, 605 F.2d 661, 664-65 (2d Cir. 1979).

In short, plaintiffs' failure to identify a liberty interest entitled to the protections of due process is dispositive in itself.

**B.    Assuming a Liberty Interest *Arguendo,* Plaintiffs Have No Constitutional Right to Any Administrative Appeal Whatsoever**

Even setting aside the lack of a liberty interest in the potential grant of parole, plaintiffs have not alleged a due process violation. They do not challenge the procedures leading to their initial parole denials, and the due process clause simply does not require that any avenue of administrative appeal be subsequently made available. Yu Sheng Zhang v. USDOJ, 362 F.3d 155, 157 (2d Cir. 2004). Accord Hill v. Buss, 2006 U.S. Dist. LEXIS 92216 at **3-4 (D. Ind. Dec. 19, 2006)(rejecting due process claim alleging that appeals board was biased, because "due process does not require an administrative appeal"). Indeed, "[e]ven a criminal defendant has no constitutional right to appeal." Yu Sheng Zhang, 362 F.3d at 157 (citing Furman v. United States, 720 F.2d 263, 264 (2d Cir. 1983)).

The lack of a constitutional right to an administrative appeal, standing alone, also ends plaintiffs' due process claims.

**C.    Even Assuming Both a Liberty Interest and a Constitutional Right to an Administrative Appeal *Arguendo,* Plaintiffs Still Have No Constitutional Right to Have That Appeal Decided in Strict Conformity with State Regulations**

Plaintiffs claim that their due process rights were violated because DOP's Appeals Board purportedly did not render a decision on their appeals from parole denials within the time frame established by State regulations, and did not adequately consider the factors set forth in the State statutes and regulations. The Second Circuit rejected a substantially identical claim in Holcomb v. Lykens, 337

3

F.3d 217, 224 (2d Cir. 2003), stating: "state statutes do no create federally protected due process entitlements to specific state-mandated procedures. Elevating a state-mandated procedure to the status of a constitutionally protected liberty or property interest, would make process an end in itself rather than a requirement whose constitutional purpose is to protect a substantive interest in which the individual has a claim of entitlement."

D. **Even Assuming a Liberty Interest, *and* a Constitutional Right to an Administrative Appeal, *and* a Constitutional Right to Have That Appeal Decided in Strict Conformity with State Regulations *Arguendo,* the Purported Regulatory Requirement on Which Plaintiffs Base Their Claims Simply Does Not Exist**

In any event, even leaving aside all the manifest legal defects discussed above, plaintiffs' claims are premised upon a mischaracterization of the regulations governing parole appeals. Plaintiffs' complaint states: "Pursuant to 9 NYCRR § 8006.4(c), the Appeals Unit is mandated to render a decision within 120 days from receipt of a perfected appeal." (Complaint, ¶ 3). This is incorrect – there is no such compulsive mandate.

> The regulation at issue actually states, in full:
>
> Should the appeals unit fail to issue its findings and recommendation within four months of the date that the perfected appeal was received, the appellant may deem this administrative remedy to have been exhausted, and thereupon seek judicial review of the underlying determination from which the appeal was taken. In that circumstance, the division will not raise the doctrine of exhaustion of administrative remedies as a defense to such litigation.

9 NYCRR § 8006.4(c). This regulation thus does not set any time frame in which the Appeals Unit is required to render a decision – it instead establishes that the appellant does not need to wait for such a decision more than 120 days before pursuing his claims in court.

In sum, plaintiffs have no expectation of or liberty interest in obtaining parole. Due process does not require administrative appeals. Due process also does not require compliance with State procedural

4

regulations. Plaintiffs misconstrue the State regulations on which their claims are based. Any one of these grounds, standing alone, mandates dismissal of plaintiffs' due process claims.

## POINT II

## PLAINTIFFS' DENIAL OF ACCESS TO THE COURTS CLAIMS HAVE NO MERIT

**A.**     **Plaintiffs Were Not Denied Access to the Courts**

Plaintiffs' denial of access claim is similarly without merit. Plaintiffs affirmatively allege, correctly, that DOP's purported delays in resolving appeals do not prevent them from seeking relief in an Article 78 proceeding in State court. (Complaint, ¶ 49). The regulations that they rely upon expressly state that an action can be commenced in court if the Appeals Unit has not rendered its decision within 120 days. 9 NYCRR § 8006.4(c). This defeats the claim. White v. Cockrell, 2001 U.S. Dist. LEXIS 21061 at *5 (N.D. Tex. Dec. 17, 2001), report and recommendation adopted, 2002 U.S. Dist. LEXIS 1656 (N.D. Tex. Jan. 31, 2002)(denial of access claim relating to parole denial rejected where statute would not have actually prevented state court review). See also Lunney v. Brureton, 2007 U.S. Dist. LEXIS 38660 at **82-83 (S.D.N.Y. May 25, 2007)(DOCS' alleged refusal to allow an inmate grievance does not state a claim for denial of access to the courts, because "in light of the fact that prisoners are excused from filing grievances where prison officials prevent them from doing so or make the grievance process not 'available,' any such actions – even if they had been demonstrated – could not be shown to have deprived Lunney of his ability to bring any lawsuit").

Thus, simply, there is no denial of access claim because plaintiffs neither were nor are alleged to have been denied access to the courts.

**B.      Failure To Instruct Inmates How to Best Litigate Their Claims is Not Denial of Access**

Plaintiffs further argue that defendants violated the Constitution by "failing to advise inmates denied by parole of their right to institute Article 78 proceedings absent administrative appeal decisions rendered within the 120 days of their submission." (Complaint, Wherefore Clause, ¶ A(3)). This argument is a non-starter; "failing to advise" plaintiffs that they can go to court is a far cry from actively preventing them from doing so. Indeed, it is doubtful that further advice on this point would even be meaningful in the present context. The regulation quoted above is readily available and uses explicit language regarding the inmate's ability to bring a claim in court after 120 days.

Regardless, this claim is foreclosed by Lewis v. Casey, 518 U.S. 343 (1996), in which the Supreme Court rejected the argument that the Constitution requires the State to instruct a plaintiff-inmate as to how and when to present his claims in Court: "These elaborations upon the right of access to the courts have no antecedent in our pre-Bounds cases, and we now disclaim them. To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires." Id. at 354.

**C.      In Any Event, Plaintiffs Were Not Injured**

Finally, as a fundamental Article III jurisdictional prerequisite, a right of access claim is only viable if the plaintiff demonstrates that he suffered "actual injury." Lewis, 518 U.S. at 348-53. Thus, "in order to survive a motion to dismiss a plaintiff must allege not only that the defendant's alleged conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)(quoting Cancel v. Goord, 2001 U.S. Dist. LEXIS 3440 (S.D.N.Y. Mar. 29, 2001)). Accord Ford v. Phillips, 2007 U.S. Dist. LEXIS 25226 at *47 (S.D.N.Y. Mar. 28, 2007).

Here, there are no allegations to show that the plaintiffs have a non-frivolous argument that they are entitled to parole as a matter of law. There is also nothing to show that they could not pursue an Article 78 proceeding or bring a habeas action. To the extent the complaint can be construed to imply that plaintiffs would have brought such actions sooner had they been alerted, "actions causing mere delay in a prisoner's ability to work on a legal action or to communicate with the courts do not rise to the level of a constitutional violation." Ford, 2007 U.S. Dist. LEXIS 25226 at *48 (citing Jones v. Smith, 784 F.2d 149, 151-52 (2d Cir. 1986) and Jermosen v. Coughlin, 877 F.Supp. 864, 871 (S.D.N.Y. 1995)).

In sum, plaintiffs were not denied access to the courts. Defendants are not constitutionally required to instruct plaintiffs how to best litigate their claims. And even assuming *arguendo* that there was a denial, there is no showing that plaintiffs were injured as a result. Again, any of these defects, standing alone, mandates dismissal.

## POINT III

### THE NEW YORK STATE DIVISION OF PAROLE IS NOT A "PERSON" SUBJECT TO SUIT UNDER SECTION 1983

Plaintiffs' claims against DOP must be dismissed for the additional reason that it is a State agency. A claim under section 1983 cannot be brought against a State agency because it is not a "person" subject to suit under the statute. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Even if such claims existed, this Court would lack jurisdiction to resolve them under the Eleventh Amendment. Pennhurst Interstate Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

**CONCLUSION**

For the reasons stated above, defendants' motion should be granted, and the case dismissed.

Dated: New York, New York
August 28, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
<u>Attorney for Defendants</u>
By:

_____/s/_____
Daniel Schulze
Frederick H. Wen
Assistant Attorneys General
120 Broadway - 24th Floor
New York, New York  10271
(212) 416-6557

<u>CERTIFICATE OF COMPLIANCE WITH INDIVIDUAL RULE III.B</u>

  I HEREBY CERTIFY that I sent a letter to plaintiffs' counsel by facsimile at approximately 2:00 p.m. on August 27, 2008 explaining the bases for defendants' motion to dismiss in detail, requesting a response, and asking whether plaintiffs would voluntary dismiss some or all of the claims to obviate the need for the motion. I followed this letter up with phone calls. On August 28, 2008, plaintiffs' counsel informed me that he had considered my letter and would not voluntarily dismiss any claims, and would be sending me a confirming letter to that effect.

  I declare under penalty of perjury that the foregoing is true and correct. Executed on August 28, 2008.

                 _____/s/_____
                     Daniel Schulze

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a true and correct copy of the following papers:

(1) **NOTICE OF MOTION TO DISMISS**;

(2) **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**,

on August 28, 2008 upon plaintiffs' attorney by causing the papers to be promptly filed in accordance with the ECF Rules of the Southern District of New York, and by enclosing a copy of the papers in a properly addressed package, and mailing the package by U.S. First-Class Mail, postage prepaid, to the following address:

Stephen N. Dratch
Franzblau Dratch, P.C.
Plaza One
354 Eisenhower Parkway
P.O. Box 472
Livingston, NJ 07039-0472

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 28, 2008.

_____/s/_____
Daniel Schulze